**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 3, 2019*
Decided June 4, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-3607

| | |
|---|---|
| J.P. MORGAN CHASE BANK, N.A., | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:14-cv-04278 |
| LINDSAY JENKINS, | Robert W. Gettleman, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Lindsay Jenkins took out a secured mortgage on a Chicago condominium but soon stopped making payments. A few months later, J.P. Morgan Chase Bank, N.A., holding the promissory note to her loan, filed a mortgage-foreclosure action against her in Illinois court. Jenkins removed the suit to federal district court on diversity grounds and asserted that Chase did not have standing to seek foreclosure. The district court disagreed and entered summary judgment against her. We affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

The facts are taken from Chase's statement of undisputed facts, which Jenkins did not adequately contest and which therefore was accepted as true by the district court. *See* N.D. Ill. Loc. R. 56.1(b)(3)(C); *Zoretic v. Darge*, 832 F.3d 639, 641 (7th Cir. 2016). In 2005, Jenkins entered into a promissory note and mortgage with Washington Mutual Bank, secured by a condominium unit in downtown Chicago. Soon after, the Office of Thrift Supervision—a now-dissolved federal agency that oversaw savings and loan banks—closed Washington Mutual and named the Federal Deposit Insurance Corporation as its receiver. In September 2008, Chase, through a purchase agreement with the FDIC, took ownership of all of Washington Mutual's loans and commitments—commitments that, Chase says, included Jenkins's mortgage. A few months after this transition, Jenkins defaulted on her loan by failing to make her monthly mortgage payments.

Chase accelerated the balance due and filed this foreclosure action in Illinois court. *See* 735 ILCS 5/15-1101 *et seq*. After removing the case to federal court on diversity grounds, Jenkins argued that Chase did not own her mortgage, so it lacked standing to file a foreclosure action (she did not contest that she was in default).

After protracted discovery, the district court granted Chase's motion for summary judgment and entered a foreclosure order against Jenkins. Chase, the court explained, had provided prima facie evidence that it owned the original mortgage: an attached copy of the promissory note, endorsed in blank. *See Rosestone Invs., LLC v. Garner*, 2 N.E.3d 532, 539 (Ill. App. Ct. 2013). The court deemed inadmissible Jenkins's principal evidence of Chase's lack of ownership—a document entitled "Securitization Analysis" that was prepared by a foreclosure-defense firm—because it was unsworn, unsigned, and undated. The court went on to explain that even if Chase had not owned the mortgage at the time of filing, the holder of a promissory note endorsed in blank is entitled to enforce it, so Chase's foreclosure action against her was proper.

On appeal, Jenkins reprises her argument that Chase lacked standing to bring a foreclosure case against her. She contends that Chase has not proved that it actually owned her mortgage at the time it filed its complaint, and she maintains that she produced evidence—the securitization report—proving that it did not. Essentially, Jenkins believes that Chase would have standing to bring a foreclosure action against her *only if* it was the actual owner of her mortgage at the time it filed its complaint against her.

As the district court correctly explained, the possession of a promissory note endorsed in blank entitles the bearer to bring a foreclosure action under Illinois law; ownership of the mortgage itself is not required. Under Illinois law, a note endorsed in blank is "payable to [the] bearer," 810 ILCS 5/3-205, and the bearer is "entitled to enforce" it. 810 ILCS 5/3-301; *Rosestone Invs., LLC v. Garner*, 2 N.E.3d 532, 539 (Ill. App. Ct. 2013) ("A note endorsed in blank is payable to the bearer."). Chase, as the holder of the promissory note to her mortgage, endorsed in blank, had standing to enforce it. *Rosestone Invs., LLC*, 2 N.E.3d 532 at 539.

Jenkins's remaining arguments lack merit. Most of her arguments continue to dispute whether Chase was the owner of her mortgage at the time it filed its complaint (these include unfounded assertions that Chase defrauded the district court by concealing its ownership status, and that the district judge repeatedly ignored her and denied her due process rights during discovery). But Chase did not need to own Jenkins's mortgage to enforce the note, so these arguments fail. She also argues that the district court discriminated against her because of her gender, but she provides no evidence to support this, nor do we see any. Her remaining arguments are too undeveloped to discuss. *See* FED. R. APP. P. 28(a)(8); *United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011).

AFFIRMED